IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>YEVGENY FELIX TUCHINSKY, et al.,<br><br>Defendants. | Case No. 2:19-CR-00394-RJS-DBP<br><br>ORDER AUTHORIZING INTERLOCUTORY SALE<br><br>Judge Robert J. Shelby<br><br>Magistrate Judge Dustin B. Pead |

Before the Court is the Government's motion for the interlocutory sale of the 2014 Mercedes Benz S VIN #WDDUG8FB0EA062249 named as subject to forfeiture in this criminal case ("Subject Property").

Pursuant to Rule G(7)(b) of the Federal Rules of Civil Procedure, as incorporated by Rule 32.2(b)(7) of the Federal Rules of Criminal Procedure, the court has the authority to order the interlocutory sale of property subject to forfeiture if the court finds that the property is perishable or at risk of deterioration; the expense of keeping the property is excessive or is disproportionate to its fair market value; or the court "finds other good cause." Rule G(7)(b)(i).  The court also has authority to enter an interlocutory sale order under 21 U.S.C. § 853(e), which authorizes the court to "take any . . . action to preserve the availability of property" subject to forfeiture.

The court finds good cause for the issuance of this interlocutory sale order based on the following:

 a. Government's desire to avoid storage costs and to mitigate depreciation;

 b. The strong likelihood that trial in this matter not likely occur until late this year or next year given the volume of discovery; and

1

    c. The preservation of value available for forfeiture that will result from allowing the interlocutory sale.

Accordingly, it is HEREBY ORDERED as follows:

1. The Motion for Interlocutory Sale is granted, and the Subject Property may be sold pursuant to the below provisions:

    a. The United States Marshals Service (USMS), including any contractor retained by the USMS, may auction the Subject Property according to its policies, practices, and procedures. The USMS has sole discretion to decide the logistics of the auction, including but not limited to, the timing of such auctions; and the auction process itself.

    b. The net proceeds from the sale of the properties will include all money realized from the sale of the property, less the following:

        i. Amounts due the holder of any valid lien;

        ii. Insurance costs, if any;

        iii. All costs incurred by the United States, its agencies and contractors including the USMS in connection with the maintenance, repair, storage, marketing and sale of the property;

        iv. Document recording fees not paid by the buyer;

        v. Title fees, if any; and

        vi. Transfer taxes, if any.

    c. The USMS may reject in its sole discretion any offer to purchase the Creek Road Property where it determines that such offer is made by a person involved in the

criminal activity alleged as the basis for forfeiture in the indictment or a person acting on behalf of such a person.

2. Under Rule G(7)(b)(iv), the sale proceeds will be substitute res subject to forfeiture in place of the property or properties that are sold. The USMS will hold the net proceeds in an interest-bearing account pending further order of this court.

Dated this __31st__ day of March 2021.

BY THE COURT:

_____
ROBERT J. SHELBY
United States District Judge