TRINA A. HIGGINS, United States Attorney (#7349)
JAMIE Z. THOMAS, Assistant United States Attorney (#9420)
Attorneys for the United States of America
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: (801) 524-5682

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>YEVGENY FELIX TUCHINSKY, ALEXSANDER VASILIYEVICH BARSUKOV, KONSTANTIN MIKHAYLOVICH TOMILIN, LEONID ISAAKOVICH TEYF,<br><br>                Defendants. | CASE NO: 2:19-CR-394 RJS<br><br>STIPULATED MOTION TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT AND TO SET A NEW TRIAL DATE<br><br>Judge Robert J. Shelby |

       The United States of America, by and through the undersigned Assistant United States Attorney, moves this court for an order that excludes time from the Speedy Trial Act calculation and that sets a new trial date.

## BACKGROUND

       This case was set for trial on September 29, 2022. The Court held a Status Conference on August 8, 2022 for the purposes of setting a firm trial date. Jeremy Delicino appeared for Defendant Tuchinsky, Steve McCaughey appeared for Defendant Tomilin, and Nathan Crane and Sam Alba

appeared for Defendant Barsukov. Defendants Mower and Tsipelzon have entered pleas of guilty and are awaiting sentencing. It is anticipated that Defendants Barsukov and Tefy will enter pleas shortly. Prior to the Status Conference, counsel for Defendant Tuchinsky filed a sealed ex parte motion to withdraw as counsel. An attorney appointment hearing is set for August 12, 2022. The triggering date for Speedy Trial Act purposes is October 28, 2019, the date several defendants first appeared for arraignments. After hearing from the parties at the Status Conference, the Court continued the trial to April 7, 2023.

Beginning on March 12, 2020, the court entered numerous general orders dealing with court operations during the COVID-19 pandemic and suspending jury selection and jury trials. *E.g.*, D. Ut. General Orders 20-008, 20-009, 20-010, 20-011, 20-012, 20-017, 20-021, 20-026, 20-029, 20-030, 21-001, 21-003, 21-007, 21-009, 21-012, 21-015, 22-002, and 22-004 (incorporated herein by reference). The orders contained facts about the state of the COVID-19 health crisis, including the procedural and practical challenges to seating a jury in the midst of the pandemic, and the Utah Governor's Stay Safe, Stay Home directive. By court order, time was excluded from the speedy trial calculation pursuant to the ends of justice exclusion under 18 U.S.C. § 3161(h)(7)(A).

In March 2021, the court announced it was moving to Phase II of its phased reopening plan, effective April 1, 2021. D. Ut. General Order 21-003. The court remained in Phase II for the remainder of 2021. *See, e.g.*, D. Ut. General Order 21-015. However, on January 5, 2022, the court entered an order returning court operations to Phase I because of "conditions related to the Omicron variant and its impact in the District" and vacating jury trials scheduled between January 5 and February 14, 2022. D. Ut. General Order 22-002 at 3. The court explained:

> Utah and the nation remain in the midst of the most serious global pandemic in over a century. And the rapid increase of cases resulting from the widespread circulation of the highly contagious Omicron variant presents the possibility that the next several weeks may see the highest daily count totals in Utah since the pandemic began. The Judicial Conference of the United States has found that emergency conditions due to the national COVID-19 crisis have affected and continue to materially affect the functioning of the federal courts. The Centers for Disease Control and Prevention (CDC) continues to issue and modify guidance to combat the spread of the disease, and to promote the health and

> well-being of the nation.  The Court is closely monitoring the CDC's guidance as well as various directives from all branches and levels of government.
>
> Globally, it is estimated that over 280 million people have been infected by the COVID-19 virus, resulting in nearly 5.5 million deaths.  It's likely that those numbers significantly underestimate the actual cases and deaths.  There are nationwide now nearly 55 million cases of Americans infected with COVID-19, and over 820,000 confirmed deaths.  Utah has now confirmed more than 650,000 cases, resulting in nearly 28,000 hospitalizations and more than 3,800 deaths.  Positive case counts are accelerating in Utah, throughout the nation, and around the globe.  Daily case counts in Utah are near or above the highest point since the pandemic began.  Utah posted this week the highest daily number of new cases and deaths, and the seven-day rolling case average is at the highest point since the pandemic began.  COVID-19 test positivity rates in Utah suggest significant community spread, and infection rates are climbing rapidly in response to the new Omicron variant.  The state has been unable for many months [sic] reduce infection and diminish serious disease, particularly among those who are not vaccinated.  Vaccinations are proceeding at disappointing levels in Utah where the percentage of vaccinated persons in Utah remains below rates in many neighboring states, and daily vaccine administrations are insufficient to reverse the current trends anytime soon.  Taking into account all of the available and relevant data, including the numbers of daily new cases and hospitalizations, test positivity rates, ICU capacity in Utah hospitals, the availability of vaccines and the vaccination rates, the introduction and spread of several variants of the COVID-19 virus with unknown implications, as well as enhanced treatment capabilities for those infected with COVID-19, the Court concludes the pandemic continues to present an ongoing health emergency in Utah.  The Court further concludes the recent significant deterioration in conditions presents an acute risk to the court community and the community at-large.  The personal safety of the court community and those we serve remains the Court's top priority.  While safety protocols and other measures have enabled the court to safely operate for many months in Phase II of the Court's phased reopening plan, the Court concludes it can no longer do so.

*Id.* at 4-5.

The Court continued criminal trials through February 14, 2022, and excluded time under the

Speedy Trial Act:

> **Speedy Trial Act:**  For the reasons stated above relating to the ongoing COVID-19 threat, and for the reasons previously discussed in General Orders 20-009, 2020-010, 20-011, 20-012, 20-017, 20-021, 20-026, 20-029, 20-030, 21-001, 21-003, 21-007, 21-009, 21-012, and 21-015, including the procedural and practical challenges to seating a jury in the midst of the COVID-19 pandemic the period of time between January 1, 2022, and February 14, 2022, is hereby **EXCLUDED** from the respective speedy trial calculations for both the return of an indictment and the commencement of trial within the District, pursuant to 18 U.S.C. § 3161(h)(7)(A).  An "ends of justice" exclusion under the Speedy Trial Act is disfavored and "meant to be a rarely used tool for those cases demanding more flexible treatment."  [Citing *United States v. Toombs*, 574 F.3d 1262, 1269 (10th

> Cir. 2009)]. The Court nevertheless concludes an "ends of justice" finding is necessary and appropriate in the District of Utah at this time. The ongoing health emergency arising from the COVID-19 pandemic continues to demand modifications to court practices to protect public health. Courts and court operations are necessarily social operations, involving many people.
>
> Mindful of the Court's constitutional responsibility to continue providing mission-critical functions of the federal judiciary – even during the COVID-19 outbreak – the need to protect the public health in the midst of the ongoing deadly COVID-19 pandemic outweighs the important rights of individual defendants and the public to speedy trials at this time. The Court reaches this conclusion after carefully balancing the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court finds that the exclusion of time through February 14, 2022, from the respective speedy trial periods, is necessary to protect the health and safety of jurors and prospective jurors, court staff and employees, criminal defendants, counsel, law enforcement personnel, and the public.
>
> In addition, in-custody defendants in this District are held at local jails under the direct control of the State of Utah and individual counties. The Court continues to experience restrictions on access to federal defendants during this outbreak. Travel restrictions further impair the ability of counsel and witnesses to appear for Grand Jury proceedings or trial.
>
> Beyond that, the health risks associated with trial remain acute in Utah and throughout the nation. Trial requires that jurors, counsel, parties, witnesses, court personnel, and judges all be present in the courtroom in relatively close proximity. The Court concludes it is no longer possible to safely host even one jury trial at a time in space available in the courthouse. Empaneling and hosting a jury, including facilitating jury selection and jury deliberations, all with due regard for health and safety, is simply not currently possible in the physical facilities available to the court. Video and audio conferencing, used for hearings, are not available for criminal jury trials. Counsel's ability to adequately prepare for trial, including locating and consulting with witnesses, and defense counsel's ability to effectively confer with defendants, are also greatly diminished under the present circumstances.
>
> Judges are encouraged to enter speedy trial orders in the cases over which they preside. Judges presiding over criminal proceedings may take such actions consistent with this Order as may be lawful and appropriate to ensure the fairness of the proceedings and preserve the rights of the parties – particularly where defendants are detained pending trial. Any motion by a criminal defendant seeking an exception to any provision of this Order should be directed to the assigned judge.

*Id*. at 6-7.

On February 9, 2022, the court announced that it was moving back to Phase II, effective February 14, 2022. D. Ut. General Order 20-004. The court explained:

4

Conditions related to the pandemic generally and the Omicron variant more specifically have improved sufficiently in the last few weeks to permit the resumption of jury trials and transition to Phase II of the Court's phased reopening plan.  For the reasons explained below, the Court will move back to Phase II of the Court's phased reopening plan, including resumption of jury trials, effective February 14, 2022.

Utah and the nation remain in the midst of the most serious global pandemic in over a century.  However, the recent rapid increase of cases resulting from the widespread circulation of the highly contagious Omicron variant has given way to rapid and significant decreases in new daily cases.  Daily case counts remain at dangerous levels surpassed in the last two years only by the peak numbers in recent week.  The Judicial Conference of the United States has found that emergency conditions due to the national COVID-19 crisis have affected and continue to materially affect the functioning of the federal courts.  The Centers for Disease Control and Prevention (CDC) continues to issue and modify guidance to combat the spread of the disease, and to promote the health and well-being of the nation.  The Court is closely monitoring the CDC's guidance as well as various directives from all branches and levels of government.

Globally, it is estimated that nearly 400 million people have been infected by the COVID-19 virus, resulting in more than 5.7 million deaths.  It's likely that those numbers significantly underestimate the actual cases and deaths.  There are nationwide now over 76 million cases of Americans infected with COVID-19, and over 900,000 confirmed deaths.  More than 4,000 Utahns have died and nearly 32,000 hospitalized as a product of more than 900,000 cases in the State.  Positive case counts are starting to decrease in Utah, throughout the nation, and around the globe.  However, save for the peaks associated with the Omicron surge over the last month or so, daily case counts in Utah remain near or above the highest point since the pandemic began.  COVID-19 test positivity rates in Utah indicate significant ongoing community spread, and infection rates remain near all-time highs.  The state has been unable for many months [sic] reduce infection and diminish serious disease, particularly among those who are not vaccinated.  Vaccinations are proceeding at disappointing levels in Utah where the percentage of vaccinated persons in Utah remains below rates in many neighboring states, and daily vaccine administrations are insufficient to reverse the current trends anytime soon.

Taking into account all of the available and relevant data, including the numbers of daily new cases and hospitalizations, test positivity rates, ICU capacity in Utah hospitals, the availability of vaccines and the vaccination rates, the introduction and spread of several variants of the COVID-19 virus with unknown implications, as well as enhanced treatment capabilities for those infected with COVID-19, the Court concludes the pandemic continues to present an ongoing health emergency in Utah.  However, the Court further concludes the recent improvement in conditions in recent weeks allows the court to return to Phase II operations throughout the Court.

After careful consideration of publicly available data; following consultation with appropriate stakeholders; and consistent with the Court's phased reopening plan and the procedures outlined in General Orders 20-029, 20-030, and 21-001 – the Court will return on February 14, 2022 to Phase II of its phased reopening plan, and will remain in Phase II through March 31, 2022, as described below.  More information is available on the COVID-19 Information Center.

*Id.* at 3-5.

The court ordered:

1. **Jury Trials:** Utilizing the health and safety procedures set forth in the Court's Petit Jury Trial Plan, the Court concludes that conditions again safely permit limited jury trials – up to one civil and one criminal jury simultaneously at a time in the courthouse. The Court will continue to hold consecutive jury trials, prioritizing criminal jury trials as they can be scheduled. The Court will continue to monitor conditions, expecting that conditions will at some point permit the Court to simultaneously host more than one criminal and one civil petit jury at a time. Additional jury trials will be scheduled accordingly. Questions concerning prospective scheduling of jury trials should be directed to the assigned judge in each case.

2. **Speedy Trial Act:** For the reasons stated above relating to the ongoing COVID-19 threat, and for the reasons previously discussed in General Orders 20-009, 2020-010, 20-011, 20-012, 20-017, 20-021, 20-026, 20-029, 20-030, 21-001, 21-003, 21-007, 21-009, 21-012, 21-015, and 22-002, including the procedural and practical challenges to seating a jury in the midst of the COVID-19 pandemic[,] the period of time between February 14, 2022, and March 31, 2022, is hereby **EXCLUDED** from the respective speedy trial calculations for both the return of an indictment and the commencement of trial within the District, pursuant to 18 U.S.C. § 3161(h)(7)(A). An "ends of justice" exclusion under the Speedy Trial Act is disfavored and "meant to be a rarely used tool for those cases demanding more flexible treatment." [Citing *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009).] The Court nevertheless concludes an "ends of justice" finding is necessary and appropriate in the District of Utah at this time. The ongoing health emergency arising from the COVI D-19 pandemic continues to demand modifications to court practices to protect public health. Courts and court operations are necessarily social operations, involving many people.

Mindful of the Court's constitutional responsibility to continue providing mission-critical functions of the federal judiciary – even during the COVID-19 outbreak – the need to protect the public health in the midst of the ongoing deadly COVID-19 pandemic outweighs the important rights of individual defendants and the public to speedy trials at this time. The Court reaches this conclusion after carefully balancing the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court finds that the exclusion of time through March 31, 2022, from the respective speedy trial periods, is necessary to protect the health and safety of jurors and prospective jurors, court staff and employees, criminal defendants, counsel, law enforcement personnel, and the public.

In addition, in-custody defendants in this District are held at local jails under the direct control of the State of Utah and individual counties. The Court continues to experience restrictions on access to federal defendants during this outbreak. Travel restrictions further impair the ability of counsel and witnesses to appear for Grand Jury proceedings or trial.

Beyond that, the health risks associated with trial remain acute in Utah and throughout the nation. Trial requires that jurors, counsel, parties, witnesses, court personnel, and judges all be

> present in the courtroom in relatively close proximity. The Court concludes it is no longer possible to safely host more than one criminal jury and one civil jury at a time in space available in the courthouse. Empaneling and hosting additional juries, including facilitating jury selection and jury deliberations, all with due regard for health and safety, is simply not currently possible in the physical facilities available to the court. Video and audio conferencing, used for hearings, are not available for criminal jury trials. Counsel's ability to adequately prepare for trial, including locating and consulting with witnesses, and defense counsel's ability to effectively confer with defendants, are also greatly diminished under the present circumstances.
>
> Judges are encouraged to enter speedy trial orders in the cases over which they preside. Judges presiding over criminal proceedings may take such actions consistent with this Order as may be lawful and appropriate to ensure the fairness of the proceedings and preserve the rights of the parties – particularly where defendants are detained pending trial. Any motion by a criminal defendant seeking an exception to any provision of this Order should be directed to the assigned judge.

*Id.* at 5-7.

## DISCUSSION

Here, the time between September 29, 2022, and the new trial date should be excluded from the Speedy Trial Act for the reasons set forth in Order 22-004, as well as for the additional reasons set forth below.

The Speedy Trial Act requires a trial to begin within 70 days of indictment or initial appearance, whichever occurs later, 18 U.S.C. § 3161(c)(1), and entitles the defendant to dismissal of the charges (with or without prejudice) if that deadline is not met, § 3162(a)(2). Certain periods of time, however, are excluded from this 70-day clock. 18 U.S.C. § 3161(h). Some periods of time are automatically excluded, including periods of delay resulting from the absence or unavailability of the defendant or an essential witness, § 3161(h)(3)(A), and other periods of time are excluded only when a judge continues a trial and finds, on the record, that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

The time between September 29, 2022, and the new trial date should be excluded from the Speedy Trial Act under the ends-of-justice provision, 18 U.S.C. § 3161(h)(7)(A).

General Order 22-004, set forth above, explained the difficulties associated with conducting trials at this time, due to the COVID-19 pandemic, and the United States requests that the court now make the necessary individualized findings in this case. The Supreme Court has emphasized that the Speedy Trial Act's ends-of-justice provision, § 3161(h)(7)(A), "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a continued case. *Zedner v. United States*, 547 U.S. 489, 500 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure generally cannot be harmless. *Id.* at 509.

Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

As General Order 22-004 reflects, the ends of justice amply justify excludable time here. Pandemic, like natural disaster or other emergency, grants a court the discretion to order an ends-of-justice continuance. *See Furlow v. United States*, 644 F.2d 764, 767-69 (9th Cir. 1981) (volcanic eruption). Here, failure to continue this case will likely make its completion impossible due to public-health risks and concerns. In addition to concerns for prospective jurors' health and the ability of the Court to obtain—and maintain—an adequate number of jurors, an ends-of-justice delay is particularly apt because the COVID case count in Salt Lake County has fluctuated in the past several months and the County has been in the "high risk" category for several weeks.

In addition, this is a complex case involving voluminous discovery and several defendants who reside outside of Utah. Defendant Tuchinsky will presumably be appointed new counsel who will need time to review the voluminous discovery and prepare for trial. Failure to grant a continuance and exclusion of time would deny defense counsel the reasonable time necessary for effective preparation

8

of a defense, including full review of voluminous discovery and trial preparation taking into account the exercise of due diligence, pursuant to 18 U.S.C. § 3161(h)(7)(A).

Trial in this matter was originally set to begin on January 6, 2020. On November 27, 2019, Counsel for Defendant Barsukov filed an unopposed motion to terminate all deadlines and set a status conference. On December 18, 2019, Magistrate Judge Dustin B. Pead held a status conference and ordered all time excluded from speedy trial calculations from December 18, 2019 through April 17, 2020.

On April 15, 2020, counsel for Defendant Mower filed a Stipulated Motion to continue the status conference. On April 16, 2020, Magistrate Judge Pead granted the Motion, continued the status conference to July 15, 2020, and excluded all time from April 17, 2020 through July 15, 2020.

On July 15, 2020, Magistrate Judge Pead held another status conference. The Defendants requested additional time to review discovery. The Court scheduled a status conference for October 16, 2020 and excluded all time from July 15, 2020 through October 16, 2020.

On October 16, 2020, Magistrate Judge Pead held a status conference. The parties requested another status conference rather than a trial setting. A status conference was set for February 11, 2021 and all time from October 16, 2020 through February 11, 2021 was excluded from speedy trial calculations.

On February 5, 2021, the United States moved for an unopposed continuance of the status conference. On March 5, 2021, the Court granted the motion, set a status conference for May 13, 2021, and excluded all time from March 5, 2021 through May 13, 2021.

At the status conference held on May 13, 2021, the Court set a further status conference for August 4, 2021 and excluded all time from May 13, 2021 through August 4, 2021. The status conference was held on August 5, 2021 and a trial was set for March 21, 2022. The Court excluded all time from August 5, 2021 through March 21, 2022.

On February 16, 2022, counsel for Defendant Tomilin filed a Motion to Continue Trial. On February 22, 2022 the Court granted the Motion, continued the trial to June 20, 2022, and excluded all time from March 21, 2022 through June 20, 2022.

On April 11, 2022, counsel for Defendant Tuchinsky filed a Stipulation Motion to Continue Trial. On April 29, 2022, the Court granted the Motion, continued the trial to September 29, 2022, and excluded all time from June 20, 2022 through September 29, 2022.

Counsel for the Defendants stipulate to this motion.

Based on the foregoing, the Court should enter a case-specific order finding excludable time under 18 U.S.C. § 3161(h)(7)(A) from September 29, 2022 through April 7, 2023.

DATED this 11th day of August 2022.

        TRINA A. HIGGINS
        UNITED STATES ATTORNEY

        */s/Jamie Z. Thomas*
        JAMIE Z. THOMAS
        Assistant United States Attorney