TRINA A. HIGGINS, United States Attorney (#7349)
JAMIE Z. THOMAS, Assistant United States Attorney (#9420)
CY H. CASTLE, Assistant United States Attorney (#4808)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| UNITED STATES OF AMERICA, | Case No. 2:19-cr-00394 RJS |
|---|---|
| Plaintiff, | STATEMENT BY DEFENDANT IN ADVANCE OF PLEA OF GUILTY AND PLEA AGREEMENT PURSUANT TO FED. R. CRIM. P. 11(c)(1)(C) |
| vs. | |
| LEONID ISAAKOVICH TEYF, | |
| Defendant. | Judge Robert J. Shelby |

FILED US District Court -UT
SEP 21 '22 AM07:13

I hereby acknowledge and certify that I have been advised of and that I understand the following facts and rights, and that I have had the assistance of counsel in reviewing, explaining, and entering into this agreement:

1. As part of this agreement with the United States of America ("United States"), I intend to plead guilty to Count 1 of the ~~Felony~~ *Amended* Information. My attorney has explained the nature of the charges against me, and I have had an opportunity to discuss the nature of the charges with my attorney. I understand the charges and what the United States is required to prove in order to convict me. The elements of Count 1 of the ~~Felony~~ *Amended* Information, Misprision of a Conspiracy to Commit Wire Fraud Felony, a violation of 18 U.S.C. § 4:

    First:     A federal felony was committed, as charged in count 1 of the Superseding Indictment in case number 2:19-CR-00394-RJS;

    Second:     The defendant had knowledge of the commission of that felony;

    Third:     The defendant failed to notify an authority as soon as possible as to the commission of that felony. An "authority" includes a federal judge

or some other federal civil or military authority, such as a federal grand jury, Secret Service or FBI agent; and

Fourth: The defendant did an affirmative act, as charged, to conceal the crime.

2. *Amended* I know that the maximum possible penalty provided by law for Count 1 of the Felony Information, Misprision of a Conspiracy to Commit Wire Fraud Felony, a violation of 18 U.S.C. § 4, is a term of imprisonment of 3 years, a fine of $250,000.00, a term of supervised release of up to 12 months, and any applicable forfeiture. I understand that if I violate a term or condition of supervised release, I can be returned to prison for the length of time provided in 18 U.S.C. § 3583(e)(3).

a. Additionally, I know the Court is required to impose an assessment in the amount of $100 for each offense of conviction, pursuant to 18 U.S.C. § 3013. Furthermore, restitution to the victim of my offense shall be ordered pursuant to 18 U.S.C. § 3663A in the amount of $1,378,702.30.

b. I understand that, if I am not a United States citizen, I may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

3. I know that the sentencing procedures in this case and the ultimate sentence will be determined pursuant to 18 U.S.C. § 3553(a), and that the Court must consider, but is not bound by, the United States Sentencing Guidelines, in determining my sentence. I have discussed these procedures with my attorney. I also know that the final calculation of my sentence by the Court may differ from any calculation the United States, my attorney, or I may have made, and I will not be able to withdraw my plea if this occurs. However, because my plea of guilty is being entered pursuant to Rule 11(c)(1)(C), as explained below, I know that I will be able to withdraw my plea if the Court does not accept the terms of this agreement.

4. I know that I can be represented by an attorney at every stage of the proceeding, and I know that if I cannot afford an attorney, one will be appointed to represent me.

5. I know that I have a right to plead "Not Guilty" or maintain my earlier plea of "Not Guilty" and can have a trial on the charges against me.

6. I know that I have a right to a trial by jury, and I know that if I stand trial by a jury:

a. I have a right to the assistance of counsel at every stage of the proceeding.

b. I have a right to see and observe the witnesses who testify against me.

2

  c. My attorney can cross-examine all witnesses who testify against me.

  d. I can call witnesses to testify at trial, and I can obtain subpoenas to require the attendance and testimony of those witnesses. If I cannot afford to pay for the appearance of a witness and mileage fees, the United States will pay them.

  e. I cannot be forced to incriminate myself, and I do not have to testify at any trial.

  f. If I do not want to testify, the jury will be told that no inference adverse to me may be drawn from my election not to testify.

  g. The United States must prove each and every element of the offense charged against me beyond a reasonable doubt.

  h. It requires a unanimous verdict of a jury to convict me.

  i. If I were to be convicted, I could appeal, and if I could not afford to appeal, the United States would pay the costs of the appeal, including the services of appointed counsel.

 7. If I plead guilty, I will not have a trial of any kind.

 8. I know that 18 U.S.C. § 3742(c)(1) sets forth the circumstances under which I may appeal my sentence. However, fully understanding my right to appeal my sentence, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily and expressly waive my right to appeal as set forth in paragraph 12 below.

 9. I know that, under 18 U.S.C. § 3742(c)(2), the United States may only appeal my sentence if it is less than the sentence set forth in this agreement.

 10. I know that under a plea of guilty the judge may ask me questions under oath about the offense. The questions, if asked on the record and in the presence of counsel, must be answered truthfully and, if I give false answers, I can be prosecuted for perjury.

 11. I stipulate and agree that the following facts accurately describe my conduct. These facts provide a basis for the Court to accept my guilty plea:

  From late 2014 through October of 2019, I was a co-owner of various trucking companies incorporated in Utah called Eugene Trucking, Costa Transportation, Inc., A & B Transportation Inc., A & Y Transportation, Inc., and American Star Transport, Inc., all of which were operated as the Salt Lake Trucking Group ("SLTG"). These trucking companies were contract service

providers for FedEx Ground ("FXG") and had and ran FXG routes. I originally invested in several companies in 2014 that years later became known and operated as SLTG and became a co-owner in late 2014. At the time I became a co-owner I knew of a scheme and conspiracy to bribe the Utah FXG Hub Manager, my co-defendant Ryan Mower, ~~by paying my portion of the bribe payments~~. I also knew of acts taken by my co-owners to grow the company by running more routes than they were entitled to run under FXG rules. In support of this effort and in furtherance of the conspiracy I knew of annual compliance requirements and documents that were submitted by wire to disguise the size of the company and in furtherance of the conspiracy.

I had knowledge of an actual commission of a felony cognizable by a court of the United States, to wit, 18 U.S.C. § 1343 and § 1349 (Conspiracy to Commit Wire Fraud) and did conceal the same by failing to disclose the existence of the conspiracy and did not as soon as possible make known the same to some judge or other person in civil or military authority under the United States.

I admit that my conduct violated 18 U.S.C. § 4.

I further admit that all of the property listed in paragraph 12j(1) below constitutes all property acquired from or traceable to my offense and all property that constitutes or was derived from proceeds traceable to the scheme to defraud; and that all property covered by this agreement is subject to forfeiture because it represents the proceeds of illegal conduct or it helped facilitate illegal conduct.

12. The only terms and conditions pertaining to this plea agreement between me and the United States are as follows:

   a. **Guilty Plea.** I will plead guilty to Count 1 of the Amended Felony Information.

   b. **Stipulated Sentence.** Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the sentence imposed by the Court will be 24 months imprisonment, which I agree is a reasonable sentence. This sentence will be followed by 1 year of supervised release. This sentence will run concurrently with the defendant's current federal sentence in case #5:18-CR-452-1FL out of the Eastern District of North Carolina and the defendant will be credited for time already served in that case, towards his sentence in this case.

   (1) I understand that this agreement, including my plea, the agreed upon sentence, and all other terms referenced herein, are subject to the approval of, and acceptance by the Court. I further understand that the Court will likely order the preparation of a Presentence Report to assist in the determination of whether this plea and the agreement are appropriate, and I agree to fully cooperate in the preparation of the Presentence Report.

(2) If, after receiving all relevant information, the Court rejects the plea agreement and determines that a sentence different from the agreed upon sentence of 24 months imprisonment to run concurrent with my existing sentence in case #5:18-CR-452-1FL out of the Eastern District of North Carolina will be imposed, I will have the right to withdraw the plea of guilty and the terms of this agreement will become null and void. Likewise, if the Court rejects the plea agreement and determines that the sentence should be less than 24 months imprisonment to run concurrently, I understand that the United States will have the right to move to vacate this agreement, and all terms of this agreement will become null and void.

c. **Dismissal of Counts.** The United States agrees to move for leave to dismiss all Counts in the Superseding Indictment as to me at the time of sentencing.

d. **Relevant Conduct.** I understand and agree that the Presentence Report may include descriptions of conduct I engaged in which either was not charged against me, will not be pleaded to by me, or both. I understand and agree that the Court will take these facts into consideration in determining the reasonableness of the stipulated sentence.

e. **Loss Amount.** I agree to not contest that the intended loss amount applicable under United States Sentencing Guidelines § 2B1.1 is $1,378,702.30.

f. **Appeal Waiver.**

(1) Fully understanding my limited right to appeal my sentence, as explained above in paragraph 8, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily, and expressly waive my right to appeal any sentence imposed upon me, except that I do not waive the right to appeal as set forth in 18 U.S.C. § 3742(c)(1), which states that I may not file a notice of appeal unless the sentence imposed is greater than the sentence set forth in this agreement. I also knowingly, voluntarily, and expressly waive any argument (1) that the statute(s) to which I am pleading guilty is/are unconstitutional or (2) that my admitted conduct does not fall within the scope of the statute(s).

(2) I also knowingly, voluntarily, and expressly waive my right to challenge my sentence, unless the sentence imposed is greater than the sentence set forth in this agreement, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255, except on the issue of ineffective assistance of counsel. This waiver includes any motion for modification of my sentence under 18 U.S.C. § 3582(c)(2).

(3) I understand that this waiver of my appeal and collateral review rights concerning my sentence shall not affect the United States' right to appeal my sentence pursuant to 18 U.S.C. § 3742(c)(2) and § 3742(b)(1) and (2).

(4) I further understand and agree that the word "sentence" appearing throughout this waiver provision is being used broadly and applies to all aspects of the Court's sentencing authority, including, but not limited to: (1) sentencing determinations; (2) the imposition of imprisonment, fines, supervised release, probation, and any specific terms and conditions thereof; and (3) any orders of restitution.

(5) Additionally, I waive all rights to appeal any issues regarding my right to presence and the validity of my remote appearance for this and any other hearings held in this matter.

g. **Presentence Report and Financial Information.** I agree to provide truthful and complete information, including financial information, as requested by the probation office for the preparation of my presentence report and for determination of the conditions of my supervised release. I also consent to allowing the United States Attorney's Office to run a credit check on me. I consent to being placed on the Treasury Offset Program and State Finder.

h. **Restitution.**

(1) I agree that I am subject to mandatory restitution because my case falls within the provisions of 18 U.S.C. § 3663A(a)(1) and (c)(1) based on the charge to which I am pleading guilty. My attorney has explained what mandatory restitution means.

(2) Under 18 U.S.C § 3663A(a)(3), I agree to pay restitution in the amount of $1,378,702.20 to FedEx Ground. I agree to pay this specific restitution, joint and several with my codefendants, and agree that this amount should not be reduced or increased through apportionment of liability under 18 U.S.C. § 3664(h).

(3) I understand that the amount of restitution and the schedule of payments will be determined as a part of the sentencing proceedings in accordance with the provisions of 18 U.S.C. § 3664. I agree to pay all restitution as ordered by the Court. I agree that the payment and enforcement of my restitution order is governed by 18 U.S.C. § 3664, and my lawyer has explained the consequences of an order of restitution.

(4) I understand and agree that payment of any restitution owed, pursuant to the schedule set by the Court at sentencing, should be a condition of the term of supervised release imposed upon me. I know that if I fail to pay restitution as ordered, the failure can be considered a violation of supervised release and, pursuant to 18 U.S.C. § 3614, the Court can resentence me to any sentence which might originally have been imposed in my case.

i. **Waiver of Interest.** The United States agrees to recommend that the Court waive interest for fines and restitution assessed against me.

j. **Forfeiture.**

(1) As a mean of achieving a resolution of matters collateral to the offense to which I am pleading. I agree to forfeit the following property acquired from or traceable to my offenses and all property that constitutes or is derived from proceeds traceable to the scheme to defraud:

<u>Any and all interest in the following companies</u>:

- Any and all interest in A & Y Transportation, Inc.;
- Any and all interest in A & B Transportation, Inc.;
- Any and all interest in Costa Transportation, Inc.;
- Any and all interest in Eugene Trucking, Inc.;
- Any and all interest in American Star Transport, Inc.;
- Any and all interest in Big Dogs Transport, Inc.;
- Any and all interest in Fusion Transport, Inc.;
- Any and all interest in Falanga Transport, Inc.;
- Any and all interest in BTF Logistics, Inc,;
- Any and all interest in Salt Lake Trucking Group, LLC.;
- Any and all interest in Salt Lake Diesel Repair, Inc.;
- Any and all interest in Salt Lake Driving Academy, Inc.; and
- Any and all interest in Salt Lake Commercial Properties, LLC, to include any and all past due rent payments possibly owed to me from SLCP and/or Jonathan "Kirk" Glancy and/or his associated trucking businesses that he has continued to operate out of 5745 West 300 South since October of 2019.

<u>Funds seized from bank accounts held at America First Credit Union</u>:

- $4,259.34 in United States currency seized from account number 0421-3.1 in the name of A&B Transportation, Inc;

- $7,506.97 in United States currency seized from account number 0421-3.9 in the name of A&B Transportation, Inc;

- $803.80 in United States currency seized from account number 7165-9.1 in the name of A&Y Transportation, Inc;

- $7,607.20 in United States currency seized from account number 7165-9.9 in the name of A&Y Transportation, Inc;

- $2,556.02 in United States currency seized from account number 8112-1.1 in the name of American Star Transport, Inc;

- $7,211.45 in United States currency seized from account number 8112-1.9 in the name of American Star Transport, Inc;

- $2,305.88 in United States currency seized from account number 7748-9.1 in the name of Costa Transportation, Inc;

- $14,291.38 in United States currency seized from account number 7748-9.9 in the name of Costa Transportation, Inc;

- $671.71 in United States currency seized from account number 8126-1.1 in the name of Eugene Trucking, Inc;

- $2,843.47 in United States currency seized from account number 8126-1.9 in the name of Eugene Trucking, Inc.;

- $4,520.96 in United States currency seized from account number 8125-3.1 in the name of Falanga Transport, Inc.;

- $8,981.81 in United States currency seized from account number 8125-3.9 in the name of Falanga Transport, Inc.;

- $64,165.93 in United States currency seized from account number 3320.9 in the name of Salt Lake Diesel Repair;

- $54,164.94 in United States currency seized from account number 6920.9 in the name of Salt Lake Driving Academy;

- $294,379.15 in United States currency seized from account number 2231.9 in the name of Salt Lake Trucking Group;

- $1,769.62 in United States currency seized from account number 5371-8.9 in the name of Big Dogs Transport Inc.;

- $7,849.46 United States currency seized from account number 5371-8.1 in the name of Big Dogs Transport Inc.;

- $9,168.85 in United States currency seized from account number 6625-6.9 in the name of Fusion Transport Inc.;

- $7,588.29 in United States currency seized from account number 6625-6.1 in the name of Fusion Transport Inc.;

- $54,164.94 in United States currency seized from account number 6625-6.1 in the name of Salt Lake Driving Academy, Inc;

Proceeds from sale of Vehicle:

- $12,226.00 representing proceeds from the sale of a 2016 BMW/R1200 GS Adventure, VIN WB10A1205GZ666693, registered in the name of A&B Transportation

Funds seized from America First Credit Union:

- $233,425.41 in funds from AFCU Bank Account #3187077-7.9 in the name of Leonid Teyf.

Property Interest

- Any and all interests I may have in our former business location previously identified as the Salt Lake Trucking Group building located at 5745 West 300 South, Salt Lake City, Utah.

Promissory Notes

- The United States agrees to release any claims it may have to two promissory notes between the defendant and Salt Lake Commercial Properties in the amounts of $1,000,000.00 and $900,000.00.

(2)     I acknowledge that all property covered by this agreement is subject to forfeiture because it represents the proceeds of illegal conduct or helped facilitate illegal conduct.

(3)     I agree that all such property may be forfeited in either an administrative, civil and/or criminal judicial proceeding. I agree that I will not make a claim to the property or otherwise oppose forfeiture in any such proceedings, and I will not help anyone else do so. If I have already made such a claim, I hereby withdraw it. I further agree that I will sign any necessary documents to ensure that clear title to the forfeited assets passes to the United States, and that I will testify truthfully in any judicial

forfeiture proceeding. In addition, I agree that I will not make any claim to property forfeited by any other defendant in this case. Specifically, I agree to forfeit all items listed above and identified in the civil complaint in Case No. 2:20-CV-00226-DAK, as currently constituted or as may be amended subsequently.

(4)     I hereby waive any claims I may have against the United States regarding the seizure and forfeiture of the property covered by this agreement.

(5)     I hereby waive the requirements regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

(6)     I hereby waive any constitutional or statutory challenges to the forfeiture covered by this agreement, including that the forfeiture is an excessive fine or punishment.

(7)     The United States further agrees it will recommend that the Department of Justice apply amounts seized and forfeited toward any restitution order in this case.

(9).     I understand and agree that this plea agreement is solely between me and the United States Attorney for the District of Utah and does not bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

14.     I understand that I have a right to ask the Court any questions I wish to ask concerning my rights about these proceedings and the plea.

*     *     *     *

I make the following representations to the Court:

1.     I am _61_ years of age. My education consists of __UNIVERSITY__ I _____ [~~can~~/cannot] read and understand English.

2.     This Statement in Advance contains all terms of the agreement between me and the United States; if there are exceptions, the Court will be specifically advised, on the record, at the time of my guilty plea of the additional terms. I understand the United States and I cannot have terms of this plea agreement that are not disclosed to the Court.

3.     No one has made threats, promises, or representations to me that have caused me to plead guilty, other than the provisions set forth in this agreement.

4.     Neither my attorney nor the United States has promised me that I would receive probation or any other form of leniency because of my plea.

5. I have discussed this case and this plea with my lawyer as much as I wish, and I have no additional questions.

6. I am satisfied with my lawyer.

7. My decision to enter this plea was made after full and careful thought; with the advice of counsel; and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea. I was not under the influence of any drugs, medication, or intoxicants when I made the decision to enter the plea, and I am not now under the influence of any drugs, medication, or intoxicants.

8. I have no mental reservations concerning the plea.

9. I understand and agree to all of the above. I know that I am free to change or delete anything contained in this statement. I do not wish to make changes to this agreement because I agree with the terms and all of the statements are correct.

DATED this 19 day of September 2022.

_____
LEONID ISAAKOVICH TEYF
Defendant

I certify that I have discussed this plea agreement with the defendant, that I have fully explained his rights to him, and that I have assisted him in completing this written agreement. I believe that he is knowingly and voluntarily entering the plea with full knowledge of his legal rights and that there is a factual basis for the plea.

DATED this 19 day of September 2022.

_____
ROBERT S. WOLF
Attorney for Defendant

I represent that all terms of the plea agreement between the defendant and the United States have been, or will be at the plea hearing, disclosed to the Court, and there are no undisclosed agreements between the defendant and the United States.

DATED this 8th day of July 2022.

TRINA A. HIGGINS
United States Attorney

/s / Jamie Z. Thomas

_____

JAMIE Z. THOMAS
Assistant United States Attorney