TRINA A. HIGGINS, United States Attorney (7349)
CY H. CASTLE, Assistant United States Attorney (4808)
STEPHEN P. DENT, Assistant United States Attorney (17405)
BRYANT L. WATSON, Assistant United States Attorney (16980)
Attorneys for the United States of America
111 South Main Street, Ste. 1800
Salt Lake City, Utah 84111
Telephone: (801) 524-5682

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>YEVGENY FELIX TUCHINSKY, and KONSTANTIN MIKHAYLOVICH TOMILIN,<br><br>Defendants. | **SECOND MOTION IN LIMINE TO EXCLUDE ARGUMENT AND EVIDENCE RE ECONOMIC HARM**<br><br>Case No. 2:19-CR-394<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Dustin B. Pead |

Under Fed. R. Evid. 401 and 403, the United States requests the exclusion of argument and evidence incorrectly suggesting that economic harm is an element of the charged offense of conspiracy to commit wire fraud and therefore, such evidence is irrelevant and more prejudicial than probative because it cannot be a defense to conspiracy to commit wire fraud.

//

//

//

## ARGUMENT

### Lack of Economic Harm is not a Valid Defense to the Crime of Wire Fraud

The United States seeks to preclude any evidence and argument suggesting economic harm is an element of the charged offense of conspiracy to commit wire fraud. Black letter law requires the exclusion of that argument. *See United States v. Welch*, 327 F.3d 1081 (10th Cir. 2003).

In *Welch*, the defendants had bribed members of the International Olympic Committee to secure the winter Olympics in Utah. *Id.* at 1085-86. The defendant bribers argued that they did not intend to cause economic harm or injury because they bribed to benefit their victim by securing the Olympics; they further maintained they did not bribe anyone for their own personal gain. *See id.* at 1105–08. The Tenth Circuit rejected that argument because "[a]n intent to inflict economic harm on or injure the property rights of another is not an element of federal mail or wire fraud." *Id.* at 1104. "Rather, the intent to defraud under §§ 1341 and 1343 is akin to the intent to deceive in order to deprive one of property or honest services." *Id.* at 1105.

The Seventh Circuit in *United States v. Leahy*, 464 F.3d 773 (2007) reached the same conclusion that lack of loss was not a valid defense to mail or wire fraud convictions. In that case, the defendants challenged the sufficiency of the mail and wire fraud charges in indictment because the only loss the City of Chicago suffered "was to its regulatory interests – an intangible right unprotected by these statutes." *Id.* at 786. Specifically, the defendants claimed the city suffered no loss of money or property because they had fulfilled their contracts, even though the defendants fraudulently obtained the contracts by claiming they were minority- or women-owned businesses, and the only loss the city experienced was the intangible right to control where the

money went, money the city would have spent regardless. *Id.* at 787. The court rejected "the defendants' contortions to squeeze this case into the intangible rights category." *Id.* It began its analysis by looking at the elements of the mail and wire fraud statutes—(i) a scheme to defraud, (ii) an intent to defraud, and (iii) use of the mails or wires in furtherance of the scheme—and concluding that the "statutes do not require that the government to prove either contemplated harm to the victim or any loss.". *Id*. at 786 (citations omitted). "[A] defendant's honest belief that his actions will ultimately result in a profit and not a loss is irrelevant for determining whether a violation has occurred (citations omitted)." *Id.* at 786-787. "All that is required is a willful act with the intent to deceive or cheat by each of the defendants, which the indictment demonstrates." *Id.* at 789.

Here, Tuchinsky previously argued that there was no fraud because "Tuchinsky's trucks drove their routes and all packages were delivered to customers, making FedEx a profit. . . . FedEx did not suffer any financial loss." *Mot. to Dismiss Second Superseding Indictment* at 2; *see id*. at 13–15; *see also Opposition to Mot. to Dismiss Second Superseding Indictment* at 13–14 (rebutting argument). In a recent conversation with defense counsel for defendant Tuchinsky, the United States anticipates he will continue to make this same argument to the jury and seek to present evidence of no economic harm to FedEx at trial in this case. *Welch* and *Leahy* foreclose that argument and any evidence intimating economic harm is an element of conspiracy to commit wire fraud.

## **CONCLUSION**

This Court should grant the United States' second motion in limine, excluding any argument or evidence incorrectly suggesting that economic harm is an element of the charged

offense of wire fraud, as well as excluding evidence and argument that there was no fraud because the packages were delivered, as irrelevant under Rule 401 and more prejudicial than probative under Rule 403.

 Dated this 1st day of December, 2023.

        TRINA A. HIGGINS
        United States Attorney

        /s/ *Cy H. Castle*
        CY H. CASTLE
        STEPHEN P. DENT
        BRYANT L. WATSON
        Assistant United States Attorneys